**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Ruben Nava, Plaintiff

v.

MGL Enterprises, Inc. (d/b/a Taqueria Los Comales
#3) and Isabel Gonzalez, individually, Defendants

## COMPLAINT

Ruben Nava ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards

Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and the

Municipal Code of Chicago Minimum Wage Ordinance §1-24 ("Ordinance"), complains against

MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) and Isabel Gonzalez, individually

(collectively, "Defendants"), and states:

## Introduction

1. Overtime and minimum wages are required by the FLSA, IMWL, and Chicago Minimum
   Wage Ordinance.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned minimum and overtime
   wages.

3. Plaintiff is a former employee of the Defendants' and was not paid his earned minimum and
   overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to
   Plaintiff's claims occurred in this judicial district.

## **Facts**

7.  Defendants own and operate MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) located at 1544 West 18th Street, Chicago, Illinois within the three years preceding the filing of this complaint.

8.  Ms. Gonzalez resides in and is domiciled in this judicial district.

9.  Ms. Gonzalez is the owner of MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) and is involved in the day-to-day business operations of MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) is an enterprise under 29 U.S.C. § 203(r)(1).

11. MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. MGL Enterprises, Inc. (d/b/a Taqueria Los Comales #3) had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants are Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff is Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff is employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff began working for Defendants in 2009.

17. Plaintiff was injured at work on or about June 10, 2017 and has not worked since then.

18. As of September 22, 2017, Plaintiff is still employed by Defendants.

19. As Defendants' employee, Plaintiff cooked and prepared food.

20. Plaintiff was paid $80 per day in cash.

21. Plaintiff worked approximately 12 hours per day and 60 hours per week.

## COUNT I: FLSA Overtime Wage Violation

22. Plaintiff incorporates all paragraphs above as if fully restated below.

23. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

28. Plaintiff is not exempt from the overtime provisions of the FLSA.

29. Defendants' failure to pay overtime violated the FLSA.

30. Defendants' FLSA violation was willful.

31. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

32. Plaintiff incorporates all paragraphs above as if fully restated below.

33. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

34. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

35. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

36. Plaintiff worked more than forty (40) hours in individual work weeks.

37. Defendants did not pay earned overtime wages to the Plaintiff.

38. Plaintiff was not exempt from overtime wages.

39. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

40. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III: FLSA Minimum Wage Violation

42. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

43. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless their employees are exempt.

44. Defendants did not pay Plaintiff at least the minimum wage for all hours worked in one or more workweeks during the prior three (3) years.

45. Defendants' failure to pay minimum wages violated the FLSA.

46. Defendants violated the FLSA by refusing to compensate Plaintiff consistent with the minimum wages provisions of the FLSA.

47. Plaintiff is entitled to recover unpaid minimum wages because Defendants' failed to pay at least the minimum wage.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  A judgment in the amount of the difference between the mandated minimum wage rate and the hourly wage paid to Plaintiff;

B.  Award liquidated damages in an amount equal to unpaid overtime wages;

C.  Declare Defendants to be in violation of the FLSA;

D.  Enjoin Defendants from violating the FLSA;

E.  Award reasonable attorneys' fees and costs; and

F.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: IMWL Minimum Wage Violation

48. Plaintiff incorporates all paragraphs above as if fully restated below.

49. Plaintiff was not exempt from minimum wages.

50. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum wages to Plaintiff while working at Defendants' business.

51. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's minimum wage provisions.

52. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

53. Defendants failed to pay Plaintiff his earned minimum wages at a rate of at least $8.25 per hour.

54. Plaintiff was not exempt from the minimum wages provisions of the IMWL.

55. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  Enter a judgment in the amount of minimum wages due to Plaintiff under the IMWL;

B.  Award Statutory damages for Plaintiff  pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT V: Chicago Minimum Wage Ordinance Violation

56. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

57. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015.

58. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked in Chicago starting on July 1, 2015.

59. Plaintiff was entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in Chicago in individual work weeks starting on July 1, 2015.

60. Defendants did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

61. Defendants' failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the Ordinance;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendants have violated the Ordinance;

D. Enjoin Defendants from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Friday, September 22, 2017.

**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-445-9662
bpacheco@consumerlaw.com